[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PETITION FOR WRIT OF HABEAS CORPUS
The petitioner Anthony Wayne Oliphant prays for a writ of habeas corpus, alleging that the defendant Warden George Wezner, an agent of the Commissioner of Correction, is confining him unlawfully. The petitioner was convicted of Larceny in the First Degree by defrauding a public community in violation of Conn. Gen. Stat. § 53a-122(a)(4). He was sentenced to fifteen years, suspended after seven years. He claims that his confinement is unlawful because he was denied the effective assistance of counsel at trial and because he was forced to wear restraints during part of jury selection.
This court heard evidence from the parties and received a post-trial brief from the petitioner. The following facts are found by the court.
The conduct out of which the larceny charge arose was an allegation that the petitioner had collected welfare benefits from two different municipalities — Meriden and Hartford — at the same time using two different names. After the petitioner's arrest on these charges, the court appointed Attorney Michael Moscowitz to represent the petitioner. Mr. Moscowitz, an experienced attorney in private practice, served as a special public defender. He had previously represented the petitioner in another criminal case in the same judicial district, G. A. 7 in Meriden. At the time of the criminal trial on the larceny charge, the petitioner had been convicted in the other criminal matter and was incarcerated. On the day the larceny case was scheduled to begin, the petitioner announced that he wished to discharge Attorney Moscowitz and, failing to convince the court to appoint new counsel, elected to represent himself. The court appointed Mr. Moscowitz as standby counsel. Mr. Moscowitz remained at counsel table with the petitioner for the duration of the trial, conferring with him regularly.
The court became aware on or about the same day that the petitioner presented certain security concerns. In open court on the day the jury was to be selected, the petitioner maintained a "surly and threatening demeanor." See, Memorandum of Decision re Defendant's Motion for Allocution, G.A.7 at Meriden, D.N. CR95-1653 10, August 15, 1995 (Gaffney, J.), attached to the petitioner's petition. The previous day, the petitioner had been involved in a physical altercation in the CT Page 3254 detention area of the courthouse. The trial judge determined that it was reasonably necessary for the petitioner to remain in shackles until he no longer presented a threat in court. The petitioner was not in prison garb, but was shackled, and was given the option to remain seated during jury selection in such a way that his restraints were not visible to the venirepersons. The petitioner chose, however, to rise and approach potential jurors during his questioning of them during the jury selection process so that they could not only see the restraints but also so that they could respond to questions he asked them about their attitude toward his predicament. By the time the jury selection process was completed, the petitioner's conduct had become less threatening and he wore no restraints in the courtroom for the remainder of the case.
The petitioner claims that Mr. Moscowitz rendered ineffective assistance of counsel during the investigative and trial preparation phase of the case, necessitating that the petitioner discharge Mr. Moscowitz and thus effectively compelling the petitioner to proceed pro se at trial. The court finds that the evidence is to the contrary. Mr. Moscowitz met with the petitioner to discuss the case and to plan how to proceed. He drafted around twenty subpoenas to be served on witnesses that the petitioner thought would be helpful to his case. He obtained all available discovery and police reports and provided copies to the petitioner who maintained his own file of information. He gave advice to the petitioner. There is no evidence other than that Mr. Moscowitz rendered entirely effective assistance to the petitioner.
The petitioner also claims that Attorney Moscowitz provided ineffective assistance as standby counsel. But there is no right to the assistance of standby counsel in this circumstance. See, State v. Oliphant,47 Conn. App. 271 (1997). Nor is there any evidence that Mr. Moscowitz rendered ineffective assistance in this role. The petitioner claims that Moscowitz failed to render any assistance during the trial. Rather the court finds that Moscowitz provided the petitioner with an opportunity for the two to confer and consult during the trial. Moscowitz remained at counsel table next to the petitioner throughout the case and spoke to him or passed written suggestions to him frequently. The petitioner rarely took Mr. Moscowitz's advice however.
Finally, as to the physical restraints forced upon the petitioner during the jury selection phase of his case, a defendant in a criminal case does not have an absolute right to be free from restraints in the courtroom during trial. "In reviewing the defendant's claims concerning shackling, [the appellate] standard of review is whether the trial court abused its sound discretion in acting as it did. . . . The trial court's discretion on the issue of shackling is broad. . . ." State v. Woolcock,201 Conn. 605, 615, 518 A.2d 1377 (1986). The trial court was well within CT Page 3255 its authority to determine that restraints were necessary to preserve order and security in the courtroom. See, State v. Robinson,38 Conn. App. 598, 603, 662 A.2d 1295 (1995). Moreover the trial court did so in a way to minimize any prejudice to the petitioner; and it was the petitioner himself who exposed his restraints to potential jurors.
The petitioner has failed to prove any of the allegations in his petition for writ of habeas corpus. The petition is therefore dismissed.
Patty Jenkins Pittman, Judge